UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GREG SACCO,                                    :
    Plaintiff,                                :
                                              :
v.                                             :         3:12cv1207 (WWE)
                                              :
                                              :
PARADIGM NEW HAVEN HEALTH                      :
CARE, LLC,                                     :
    Defendant.                                :

### ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Greg Sacco brings this action against Paradigm New Haven Health Care, LLC for violations of the Title VII and the Connecticut Fair Employment Act and intentional infliction of emotional distress.

Defendant has filed a motion to dismiss the claim of intentional infliction of emotional distress. For the following reasons, the motion to dismiss will be granted.

### BACKGROUND

The following background is taken from the allegations of the complaint. For purposes of ruling on this motion, the Court considers as true the allegations of the complaint, which is sparse in areas describing the discriminatory conduct.

Plaintiff, who is a Caucasian male, was employed as defendant's Therapeutic Recreation Director at Paradigm Healthcare Center since June 2010. In this position, plaintiff had supervisory responsibilities.

In December 2010, plaintiff dismissed an employee due to performance problems. Although the dismissal was not based on the employee's race, the employee and the union complained to defendant that the employee's termination was

1

motivated by a racial animus against African Americans.  Plaintiff claims that defendant failed to make a "truthful determination" that plaintiff's conduct was not based on an improper motivation.

In February 2011, plaintiff posted a Timeline to honor Black History Month at the Healthcare Center.  On the Timeline, plaintiff wrote that "each week of February the history will continue so all may see how our country's culture developed with the influence of the leadership of the Black community and the bravery and talent of its people."  Thereafter, defendant disciplined plaintiff for posting the Timeline, removed it and posted an apology letter.

In February 2011, plaintiff made a comment intended to poke fun at an administrator who worked for defendant.  Plaintiff was suspended and instructed to write an apology letter.  Plaintiff wrote the letter explaining that his comment was not meant to disparage and was not racially motivated.  Later, plaintiff was telephoned at home and informed that his employment was terminated.  Plaintiff claims that the discipline and termination was motivated by his race, color or ethnicity and that of the persons complaining about him.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the

grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### Intentional Infliction of Emotional Distress

Defendant asserts that plaintiff has failed to allege conduct sufficiently extreme and outrageous to support his claim of intentional infliction of emotional distress.

Liability for intentional infliction of emotional distress requires conduct exceeding all bounds of decent society and which is calculated to cause, and does cause, mental distress of a very serious kind.  DeLaurentis v. New Haven, 220 Conn. 225, 266-67 (1991).  Connecticut courts have narrowly defined the boundaries of extreme and outrageous conduct.  See Grasso v. Connecticut Hospice, Inc., 138 Conn. App. 759, 2012 WL 4872783, *8 (Oct. 23, 2012) (citing cases finding no intentional infliction of emotional distress).  In the employment context, an employer's routine adverse employment action, even if improperly motivated, does not constitute extreme and outrageous behavior unless conducted in an egregious and oppressive manner.  Sousa v. Rocque, 2012 WL 4967246, * 7 (D. Conn. Oct. 17, 2012).  Connecticut superior courts have held that a defendant's allegedly false reporting of an employee's conduct does not rise to the level intentional infliction of emotional distress.  See Gillians v. Vivanco-Small, 128 Conn. App. 207, 213, cert. denied, 301 Conn. 933 (2011) (no claim for intentional infliction of emotional distress based on allegations that defendant co-workers conspired to create hostile work environment including falsely accusing plaintiff

of racial and sexual bias and giving negative performance); Tracy v. New Milford Public Schools, 101 Conn. App. 560, 569, cert. denied, 284 Conn. 910 (2007) (defendants who harassed, intimidated, defamed and then disciplined plaintiff without proper investigation did not engage in extreme and outrageous conduct).  Here, plaintiff alleges that defendant disciplined him and terminated him unfairly without conducting an investigation into the complaints asserted against him.  These allegations do not rise to the level of extreme and outrageous conduct required for a claim of intentional infliction of emotional distress.  Accordingly, the motion to dismiss will be granted on this count.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss [doc. #9] is GRANTED.

Plaintiff may file an amended complaint consistent with this Ruling within 15 days of this Ruling's filing date.

```
              /s/
```
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

Dated this _28th_ day of May, 2013 at Bridgeport, Connecticut.